IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ELLA KIDD, | : | |
| Plaintiff, | : | |
| vs. | : | CA 11-00459-CG-C |
| CROWNE MANAGEMENT, LLC, | : | |
| Defendant. | : | |

## **REPORT AND RECOMMENDATION**

This matter is before the undersigned for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), as a result of the plaintiff's failure to respond to an order to show cause why this matter should not be dismissed with prejudice based on her failure to prosecute it and obey orders of this Court. (*See* Doc. 15.) As explained in that order—a copy of which was served on the plaintiff by certified mail, return receipt requested (*see id.* at 3; Doc. 15-1)—and further set forth below, it is **RECOMMENDED** that the plaintiff's case be **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

### Findings of Fact

Since this Court granted the plaintiff's motion to proceed *in forma pauperis* (*see* Doc. 3), she has done nothing to advance her case and has, moreover—**three times**—disregarded orders of this Court, issued to require her to press the case she filed in this Court. (*See* Doc. 7, preliminary scheduling order (ordering the parties to meet and file a report pursuant to Rule 26(f)); Doc. 12 (ordering the parties to appear for a

scheduling conference pursuant to Rule 16 based on the plaintiff's failure to cooperate in the planning process)[1]; Doc. 15, show cause order (ordering the plaintiff to explain in writing why her case should not be dismissed for her failure to prosecute and comply with orders of the Court, issued after she failed to attend a court-ordered scheduling conference).) The undersigned has cautioned the plaintiff—**twice already**—that her failure to prosecute her case and comply with orders of the Court could lead to dismissal of her lawsuit. (*See* Doc. 12 at 2 & n.1; *see generally* Doc. 15 (reasserting the warning issued on October 25, 2011 and adding that, if the plaintiff fails to respond in writing, the Magistrate Judge would recommend that her case be dismissed with prejudice).)

Conclusions of Law

Based on the above findings of fact, there is no doubt that the plaintiff's behavior, since being allowed to proceed *in forma pauperis*, clearly demonstrates "a pattern of willful contempt before [this Court]." *Turner v. United States*, 203 Fed. App'x 952, 955 (11th Cir. 2006) (per curiam) (overturning a district court's dismissal with prejudice where "the district court failed to make any findings that [the plaintiff's] failure to comply with the court's show-cause order clearly demonstrates a pattern of delay or willful contempt"); *compare id.*, *with Muhammad v. Bethel*, 430 Fed. App'x 750, 753 (11th

---

[1] The order setting this conference cautioned the plaintiff "that her failure to appear at [the] hearing may lead to dismissal of her lawsuit." (Doc. 12 at 2.) Despite her receipt of the order on October 27, 2011 (*see* Doc. 13 (return of receipt reflecting that the plaintiff, herself, signed the certified mail receipt)), she failed to attend the scheduling conference on November 15, 2011.

Cir. 2011) (per curiam) (affirming this Court's dismissal of a *pro se* plaintiff's case, *sua sponte*, "[b]ecause [he] failed to comply with the court's order to fix [ ] deficiencies [in his pleadings], even after being [twice] warned that failure to comply would result in the dismissal of his action without prejudice") (citation omitted).

Further, as previously explained to the plaintiff in both the October 25, 2011 Order (Doc. 12 at 2 n.1) and the November 21, 2011 Show Cause Order (Doc. 15 at 1), this

> Court no doubt possesses the power to dismiss this action "for failure to prosecute with reasonable diligence or to comply with [the Court's] orders or rules of procedure," *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Gratton v. Great Am. Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (observing that Rule 41(b), Fed. R. Civ. P., expressly "authorizes a district court to dismiss a complaint for . . . failure to comply with a court order"), [but] the Eleventh Circuit has held that dismissal of an action for failure to prosecute should be undertaken "only in the face of a clear record of delay or contumacious conduct by the plaintiff." *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986). Such conduct includes "protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful expenditure of the court's time." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4-5 (1st Cir. 2002); *see also Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (explaining that trial court has obligation to control and manage its own docket, and that consistent disregard of scheduling orders furnishes sufficient reason under Rule 41(b) to dismiss case involuntarily for want of prosecution); *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 40 (1st Cir. 2003) (failure to respond to a motion renders a party susceptible to involuntary dismissal for failure to prosecute).
>
> The fact that the plaintiff has chosen to proceed without counsel, moreover, "does not absolve . . . her from compliance with the Court's procedural rules or the Rules of Civil Procedure." In re Neurontin Mktg., Sales Practices, & Prods. Liab. Litig., MDL Docket No. 1629; Master File No. 04-10981, 2008 WL 7706612, at *2 (D. Mass. June 19, 2008).

(*Id.*)

Plaintiff has thrice disobeyed orders of this Court; she has, moreover, twice been warned, and twice ignored, this Court's admonition that her failure to prosecute this case will lead to its dismissal. (*See* Doc. 12 at 2 n.1 & Doc. 15 at 1.) As previously explained to the plaintiff (*see* Doc. 15 at 2-3), such conduct—"ignoring warnings" in "defiance of [ ] court order[s]" that has resulted in "wasteful expenditure[s] of the court's time" (scheduling and attempting to conduct the Rule 16 conference), *Chamorro*, 304 F.3d at 4-5—clearly qualifies as "contumacious," and thus necessitates the sanction of "dismissal of [this] action for failure to prosecute," *McKelvey*, 789 F.2d at 1520.

Conclusion

For the reasons set forth above, the undersigned—after consideration of lesser sanctions, which the undersigned believes will not suffice given the record in this case—**RECOMMENDS** that the Court **DISMISS** plaintiff's case **WITH PREJUDICE**, pursuant to Rule 41(b), for failure to prosecute and for failure to abide by the orders of this Court.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 8th day of December, 2011.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

4

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

l. *Objection*. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in S.D. Ala. L.R. 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable Where Proceedings Tape Recorded)*. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED. R. CIV. P. 72(b)(2).